McCASKEY REGISTER CO. v. BLAISDELL.

(Supreme Court, Appellate Term.  May 9, 1912.)

EVIDENCE (§ 441*)—PAROL EVIDENCE—VARYING THE TERMS OF A WRITTEN CONTRACT.

In an action for the price of a cash register sold under a written contract, evidence of an oral contract with plaintiff's salesman, giving the privilege of returning the register, if not satisfactory, etc., was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2030–2047; Dec. Dig. § 441.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the McCaskey Register Company against Walter F. Blaisdell. From a judgment in the Municipal Court of the City of New York in favor of the defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Yankauer & Davidson, of New York City (Raymond V. Ingersoll, of New York City, of counsel), for appellant.

Joseph B. Merkert, of New York City, for respondent.

SEABURY, J. The plaintiff sued to recover the value of a certain cash register sold and delivered by it to the defendant. The cash register was sold under a written contract, and the defendant in writing, acknowledged its receipt.

Upon the trial, the defendant was permitted to testify to an oral contract with the plaintiff's salesman, in which the defendant claims it was agreed that, if the register was not satisfactory, he should have the privilege of returning it, and that the plaintiff would furnish to the defendant instructions as to the manner in which the register should be installed and used. The evidence offered by the defendant, upon which the learned court below seems to have given judgment for the defendant, was under familiar rules inadmissible to alter or vary the terms of the written contract upon which the plaintiff sued.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.